Filed 11/26/24  P. v. Soto CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESUS SOTO,<br><br>    Defendant and Appellant. | G063668<br><br>(Super. Ct. No. 07CF2465)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Steven D. Bromberg, Judge. Affirmed. Request for Judicial Notice. Granted.

The Law Offices of Aaron J. Schechter and Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2009, a jury found Jesus Soto guilty of two counts of attempted murder and other crimes. He was sentenced to 39 years to life. In 2023, Soto filed a petition for resentencing of his attempted murder convictions under Penal Code section 1172.6.[1] The trial court denied the petition, concluding Soto had not made a prima facie case for resentencing relief.

Soto appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216, stating no arguable issues could result in a disposition more favorable to Soto (*id*. at p. 232). Although Soto did not file a supplemental brief, we exercise our discretion to conduct an independent review of the record and appointed counsel's brief. As discussed below, we find no reasonably arguable issue on appeal. We therefore affirm.

I.

RELEVANT FACTS

On May 11, 2009, the Orange County District Attorney filed an amended information against Soto and Aaron Carrillo, charging them with the attempted murders of John Doe #1 and John Doe #2 (counts 1 & 3), and various other crimes. The information also alleged various enhancements, including firearm use and discharge and gang enhancements.

The jury was instructed that to convict a defendant for attempted murder, it must find the defendant committed a direct but ineffective act toward the killing of another person and the defendant intended to kill that person. The instruction did not mention the natural and probable consequences doctrine. The jury was instructed on the natural and probable

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

2

consequences doctrine, aiding and abetting, and conspiracy, but only as to Carrillo.

On May 28, 2009, a jury found Soto guilty of, among other crimes, two counts of attempted murder, and it found true the allegations that Soto personally used and discharged a firearm during the commission of the two crimes and the crimes were committed for the benefit of a criminal street gang. The jury did not find Carrillo guilty of either attempted murder charge.

The trial court sentenced Soto to 39 years to life in prison without the possibility of parole. This court affirmed the judgment. (*People v. Soto* (May 3, 2012, G044170) [nonpub. opn.].)

II.

*Petition for Resentencing Relief*

On June 27, 2023, Soto filed a form petition to vacate his attempted murder convictions. In response, the district attorney requested the trial court deny the petition at a prima facie hearing. The district attorney argued Soto was not convicted of attempted murder under the natural and probable consequences doctrine, noting the jury instruction given limited liability for attempted murder under that doctrine to codefendant Carrillo. The district attorney also argued Soto would still be guilty of attempted murder under current law as the direct perpetrator.

Following the prima facie hearing, the trial court denied the resentencing petition. The court found: "The jury instructions establish that the jury was instructed on the law defining attempted murder based on petitioner's role as the direct perpetrator of the offenses. To find petitioner guilty of attempted murder, the jury had to find that petitioner acted with the intent to kill (CALCRIM 600). Petitioner was the sole defendant charged

3

with personally using a firearm during the commission of the attempted murders. The jury was instructed accordingly (CALCRIM 3146) and found petitioner guilty of attempted murder committed through the personal use and discharge of a firearm for the benefit of a criminal street gang. As to petitioner, the jury was not instructed on the law defining aiding and abetting principles nor on any theory of liability requiring that malice be imputed to petitioner. The jury was instructed on aiding and abetting principles, conspiracy, and the natural and probable consequences theory of vicarious liability for aiders and abettors and conspirators but such instructions were expressly limited to liability assigned to petitioner's co-defendant, Aaron Carrillo (CALCRIM 400, 401, 403, 416, 417). Based on the jury instructions given, the jury by necessity had to find petitioner was the direct perpetrator who acted with the intent to kill to find him guilty of attempted murder. Juries are presumed to follow a trial court's instructions. (*People v. Johnson* (2022) 12 Cal.5th 544, 632.) Based on the record of conviction, petitioner is ineligible for relief as a matter of law."

## II.

## DISCUSSION

Section 1172.6, subdivision (a) provides in relevant part that a "person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint . . . was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of . . . attempted murder . . . following a

4

trial . . .. [¶] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." The petitioner has the burden of making a prima facie case for relief. The prima facie stage bar is "'very low,'" but not nonexistent. (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

A petitioner is ineligible for resentencing relief if "the jury was not instructed on any theory of liability for murder . . . that required that malice be imputed to him." (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205.) After independent review, we conclude the record of conviction conclusively establishes Soto was not convicted of attempted murder under the natural and probable consequences doctrine. The jury was instructed on attempted murder, but that instruction does not reference the natural and probable consequences doctrine or any other theory under which malice is imputed based solely on participation in a crime. The jury separately was instructed on the natural and probable consequences doctrine, aiding and abetting, and conspiracy, but those instructions were expressly limited to codefendant Carrillo. Soto thus is ineligible for resentencing relief as a matter of law. (See

5

*People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["[I]f the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].)

Our independent review of the entire record does not show the existence of an arguable issue. (*Wende, supra,* 25 Cal.3d at pp. 442-443.) Consequently, we affirm the order denying the petition for resentencing. (*Wende, supra,* 25 Cal.3d at p. 443.)

DISPOSITION

The postjudgment order denying Soto's petition for resentencing is affirmed.

DELANEY, J.

WE CONCUR:

MOORE, ACTING P.J.

GOODING, J.

6